UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANITA STA. ANA, and WILLIE STA. ANA, | Case No.: 2:09-cv-01599-RLH-RJJ |
| Plaintiffs, | **O R D E R** |
| vs. | (Motion to Dismiss–#10; Motion to Strike–#12; Motion for Attorney's Fees–#13) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC; COUNTRYWIDE MORTGAGE VENTURES, LLC; RECONTRUST COMPANY; DOES 1 through 1000, UNKNOWN, | |
| Defendants. | |

Before the Court is Defendants Countrywide Mortgage Ventures, LLC, Mortgage Electronic Registration System, Inc., and Recontrust Company's **Motion to Dismiss** (#10), **Motion to Strike** (#12), and **Motion for Attorney's Fees** (#13), all filed August 5, 2010. Plaintiffs have not opposed any of these motions.

Defendants' motion to dismiss argues that Plaintiffs' claims: (1) are precluded under the doctrine of *res judicata*, and (2) fail as a matter of law. The motion to strike asks the Court to strike Plaintiffs' punitive damages claim as immaterial. Finally, the motion for attorney's fees seeks fees and costs incurred in defending this lawsuit because this is the second lawsuit

1

Plaintiffs have filed against Defendants in an attempt to prevent foreclosure of their home. For the reasons discussed below, the Court grants the motion to dismiss, denies the motion to strike as moot, and denies the motion for attorney's fees.

Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). Courts have long held that a district court's local rules have the force of law equal to the federal rules or acts of Congress. *United States v. Hvass*, 355 U.S. 570, 574-75 (1958); *see also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Ky. v. Miller*, 394 U.S. 100, 100-01 (1969).

Plaintiffs' failure to file points and authorities in opposition to Defendants' motions constitutes a consent that the motion be granted. Therefore, the Court grants the motion to dismiss. Because this order dismisses all of Plaintiffs' claims, including the punitive damages claim, the Court denies the motion to strike as moot.

Although the Court has the authority to award attorney's fees against Plaintiffs, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (holding that a court has the inherent authority to award attorney's fees against a litigant who conducts litigation in bad faith, vexatiously, or for other oppressive reasons), the Court declines to do so *at this time*. However, the Court cautions Plaintiffs that "pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). Therefore, if Plaintiffs continue to pursue these claims, Defendants are free to make another request for sanctions. The Court denies the motion for attorney's fees.

/

/

/

AO 72
(Rev. 8/82)

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#10) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (#12) is DENIED as moot.

IT IS FURTHER ORDERED that Defendants' Motion for Fees and Costs (#13) is DENIED.

The Clerk of Court is ordered to close the case.

Dated: January 3, 2011

_____
**ROGER L. HUNT**
**Chief United States District Judge**

AO 72 (Rev. 8/82)